RECEIPT # 531605
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ꝑ૭
DATE 8-23-૭

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS MCLAIN

    Plaintiff,

v.

CITY OF SOMERVILLE,

    Defendant

CA. No.

C4

MAGISTRATE JUDGE Collings

**COMPLAINT AND REQUEST FOR COMPENSATORY
AND INJUNCTIVE RELIEF**

1. This is an action for equitable and compensatory relief brought under USERRA, the Uniformed Services Employment and Re-employment Rights Act, 38 U.S.C. 4301-33.

2. The Court has jurisdiction over this matter pursuant to 38 U.S.C. § 4323(b). Venue within this judicial district is appropriate pursuant to 38 U.S.C. § 4323(c).

3. The plaintiff Thomas McLain is an adult resident of Somerville, Massachusetts. During times relevant to this action, he was enlisted in the United States Army.

4. The defendant City of Somerville ("City" of "Somerville") is a political subdivision of the Commonwealth of Massachusetts and thus is a "state" within the meaning of 38 USCS § 4303 (14). It is also an "employer" within the meaning of 38 USCS § 4303(4).

5. In or around May 1999, McLain took and passed a Massachusetts civil service examination for the position of police patrol officer. He thereby became eligible for appointment to that position by Massachusetts cities or towns, including Somerville, that were within the Massachusetts civil service system.

6. On or about January 5, 2000, McLain enlisted in the United States Army for a period of time that was to last until January 4, 2002. His period of enlistment constituted "service in the uniformed services" within the meaning of 38 USCS § 4303(13).

7. On or about January 11, 2001, Somerville began the process of appointing police patrol officers to its municipal police department. To that end, and pursuant to M.G.L. c. 31, §§ 1 and 6, it obtained from the Massachusetts Human Resource Division a "certification," a list of names of persons, ranked in order of total "score," then legally eligible for such appointment. McLain's name was at or near the top of that list.

8. Pursuant to Massachusetts civil service law, McLain was notified that Somerville was considering appointing police patrol officers and that as an eligible candidate, he needed to signify his interest in being considered for such an appointment. He appropriately did so.

9. Prior to making its selections, McLain and a representative of the City had discussions during which McLain indicated he would be eligible for an early discharge from the United States Army in the event that Somerville needed its appointees to be available for training purposes prior to his scheduled date of discharge.

10. In or around October 2001, Somerville appointed to the position of police officer approximately eleven persons whose names had been listed on the certification. Somerville did not select McLain, although it selected persons whose names appeared below his on the certification. Plaintiff believes, and therefore alleges, that Somerville did not select him because, due to his service obligations, he was not immediately available to commence the training that would follow the appointment.

11. McLain would have been available to commence training in November 2001. Plaintiff believes, and therefore alleges, that Somerville could have arranged for him to receive the required training at that time.

12. McLain's membership, service and/or obligation for service in the United States Army was a motivating factor in the City's failure to appoint him to the position of police officer.

13. McLain has lost wages and other economic benefits, as a direct and proximate result of Somerville's above-described failure to appoint him to the position of police officer.

**WHEREFORE**, the Plaintiff requests that the court, after a trial on the merits,

- a) declare that the defendant's failure to appoint him was in violation of USERRA and order the defendant to comply therewith;

- b) award him damages for his lost wages and benefits suffered by reason of the defendant's failure to comply with the provisions of USERRA;

- c) issue a permanent injunction directing the defendant to immediately appoint him to the position of police officer and to assign him a retroactive appointment date which is the date on which he would have been appointed had the

        defendant not discriminated against him in violation of USERRA;

d)    award him his costs, including his reasonable attorneys' fees; and

e)    issue such other relief, as the court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL FOR ALL CLAIMS SO TRIABLE.**

        For the plaintiff,

        By His attorneys,

        _____
        Alan J. McDonald, BBO #330960
        James F. Lamond, BBO #544817
        McDonald & Associates
        Cordaville Office Center
        153 Cordaville Road, Suite 210
        Southborough, MA 01772
        508-485-6600

Date: August 17, 2004

4

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas H. McLain, Jr.

## DEFENDANTS
City of Somerville

**(b)** County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James F. Lamond    (508) 485-6600
McDonald & Associates
153 Cordaville Road, Suite 210
Southborough, MA  01772-1834

Attorneys (If Known)
Matthew J. Buckley    (617) 625-6600
City Hall Law Department
City of Somerville, 93 Highland Avenue
Somerville, MA  02143

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIW C/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

38 USC 4301 et seq.  Denial of employment based on military obligation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Thomas H. McLain, Jr., v. City of Somerville__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases
   - [ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __James F. Lamond     McDonald & Associates__
ADDRESS __Cordaville Office Center, 153 Cordaville Rd., Suite 210 Southborough, MA  01772-1834__
TELEPHONE NO. __(508) 485-6600__

(Coversheetlocal.wpd - 10/17/02)