UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS McLAIN, | ) |
| Plaintiff | ) |
|  | ) |
| V. | ) |
|  | ) |
| CITY OF SOMERVILLE, | ) |
| Defendant | ) |

C.A. No. 04CV 11833 RCL

## ANSWER OF DEFENDANT CITY OF SOMERVILLE TO PLAINTIFF'S COMPLAINT AND REQUEST FOR COMPENSATORY AND INJUNCTIVE RELIEF

1.    Paragraph 1 contains no assertion of fact requiring a response.

2.    Paragraph 2 is denied. Defendant asserts its right to challenge jurisdiction based upon laches and the prejudicial delay in bringing this action.

3.    Defendant is without sufficient knowledge to form a belief as to the assertions in Paragraph 3 and calls upon Plaintiff to prove same.

4.    Paragraph 4 is admitted.

5.    Paragraph 5 is admitted in part and denied in part. It is admitted that the Plaintiff took the exam. It is denied that the Plaintiff was eligible for appointment during the period he was not available to report for duty.

6.    Defendant is without sufficient knowledge to form a belief as to the assertions in Paragraph 6 and calls upon Plaintiff to prove same. Upon information and belief, the Plaintiff was enlisted in the armed forces. Defendant is without knowledge regarding the dates of said service.

7.    Defendant admits that it called for a certification of names and that the Plaintiff's name appeared at or near the top of the list and does not dispute the propriety of the ranking. Defendant is without sufficient knowledge to form a belief as to whether the ranking was based upon "total score" or upon a statutory preference.

8.    Paragraph 8 is admitted.

9.    Defendant is without sufficient knowledge regarding the truth of the assertions contained in Paragraph 9 and calls upon Plaintiff to prove same.

10.    Paragraph 10 is admitted in part and denied in part. Defendant admits that eleven police officers were appointed in October, 2001 and that Plaintiff was not available to attend the required training. The Defendant denies that the Plaintiff was not selected due to his service obligations.

11.    Defendant is without sufficient knowledge regarding the exact date of Plaintiff's availability and calls upon Plaintiff to prove availability in November. Plaintiff asserts, however, that Plaintiff was not available in October, 2001, when the appointment was made and therefore was not available to attend the required training academy. Defendant denies that it could have arranged for training at a police academy in November, 2001.

12.    Paragraph 12 is denied.

13.    Paragraph 13 is denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff has been guilty of laches and unreasonable delay in bringing this action, in that he had knowledge of all the facts set forth in the complaint approximately

two and one half years prior to the commencement of this action, and the defendant's position has substantially changed as a result, and the defendant is materially prejudiced.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction to hear the matter.

WHEREFORE, the Defendant requests that this court dismiss the Plaintiff's Complaint and/or enter judgment on behalf of the Defendant.

## DEFENDANT CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted
City of Somerville,
By its attorney

Matthew J. Buckley
Assistant City Solicitor
93 Highland Avenue
City Hall, Law Department
Somerville, MA 02143
617-625-6600 x4403
BBO# 553390

## CERTIFICATE OF SERVICE

I, Matthew J. Buckley, Attorney for the Defendant City of Somerville hereby certify that

I have served the above Answer upon the Plaintiff by mailing same, postage prepaid to

the following:

> James F. Lamond
> McDonald & Associates
> Cordaville Office Center
> 153 Cordaville Road, Suite 210
> Southborough, MA  01772

Date: _Sept 20 2004_

Matthew J. Buckley
Assistant City Solicitor