UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS McLAIN,<br>    Plaintiff<br><br>V.<br><br>CITY OF SOMERVILLE,<br>    Defendant | C.A. No. 04CV 11833 RCL |

**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Now comes the defendant, City of Somerville, and opposes the plaintiff's Motion for Summary Judgment. In support of its Opposition defendant relies upon its Memorandum in Support of Opposition to Plaintiff's Motion for Summary Judment and, in addition, controverts the following material facts presented in Plaintiff's Rule 56.1 Concise Statement of the Material Facts of Record as to Which He Contends There is no Genuine Issue to be Tried:

**Paragraph 10**

In Paragraph 10 plaintiff contends that ``Massachusetts State law permits civil service employers like the City to select a candidate for a permanent appointment even though he is then in the military service and is unavailable to start work at the time of his appointment.'' Plaintiff is applying ALM Spec L. c. S35 § 3 (2004), a law passed in 2004 to an incident that occurred in 2001. Further, the plaintiff did not follow the criteria required to qualify for appointment under the law even if it did apply.

**Paragraph 27**

In Paragraph 27 plaintiff contends that ``[i]t is up to a police department that has or is considering hiring police officers to decide which academy class it wants its newly hired officers to attend.'' Defendant disputes this statement and calls upon plaintiff to prove same. The City can only apply for the next available academy or decide to pass it over for the next one.

**Paragraph 30**

In Paragraph 30 plaintiff states that ``[t]he reason why the City did not select McLain was because he was unavailable, on account of his obligations to the United States Army, to participate in the South Weymouth police academy that was to start on October 1, 2001.'' The reason the City did not select McLain was because it was impossible for him to attend the academy. McLain's membership in the armed services was not a motivating factor. The City needed police officers. See, Affidavit of Kathleen DiCiaccio.

**Paragraph 34**

In Paragraph 34 the plaintiff states that the City could have lawfully selected McLain on August 31, 2001, for a permanent appointment . . . [and] could have deferred his starting date until he had completed his military service obligation.'' That option was not available until 2004.

2

**Paragraph 35**

In Paragraph 35 plaintiff contends that the City ``could have made a `military substitute appointment.''' Plaintiff misunderstands the nature of the term ``military substitute'' under the law at that time. While HRD Form 14 contains a category entitled ``military substitute'' it did not apply to the plaintiff at that time. A military substitute is a designation for persons being appointed on a non permanent basis to take the place of persons already employed by the City but being deployed for military service. It wasn't until three years later that the law was apparently changed.

**Paragraph 37**

In Paragraph 37 plaintiff contends the defendant could have enrolled McLain in any one of several academies ``had it wished to do so.'' Defendant disputes this statement. The City's judgment regarding the number of officers it needed and could afford cannot be usurped. It had legal obligations to the persons it did hire.

**Paragraph 53**

In Paragraph 53 plaintiff contends he would have received $178,787.00 more in total compensation than he has received from his other employment. Plaintiff's claim in this regard is speculative on its face since it includes a measure of overtime and detail hours that are not compulsory. Further, plaintiff, in great detail provides information regarding

3

the pay other officers received. The evidence shows that even the base pay of the eleven hired officers varies greatly. Plaintiff statement assumes he would be entitled to the same level of pay as more highly educated police officers with no basis for such assertion.

                            Respectfully submitted
                            City of Somerville,
                            By its attorney

                            Matthew J. Buckley
                            Assistant City Solicitor
                            93 Highland Avenue
                            City Hall, Law Department
                            Somerville, MA 02143
                            617-625-6600 x4403
                            BBO# 553390

**CERTIFICATE OF SERVICE**

I, Matthew J. Buckley, Attorney for the Defendant City of Somerville, hereby certify that I have served the foregoing Opposition to Plaintiff's Motion For Summary Judgment and Memorandum in Support thereof upon the Plaintiff by mailing same, postage prepaid to the following:

                        James F. Lamond
                        McDonald & Associates
                        Cordaville Office Center
                        153 Cordaville Road, Suite 210
                        Southborough, MA  01772

Dated:    June 24, 2005                    
                                          Matthew J. Buckley
                                          Assistant City Solicitor