UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS MCLAIN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOMERVILLE,<br><br>Defendant | USDC C.A. No. 04-CV-11833-RCL |

**PLAINTIFF'S COMBINED RULE 56.1 OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONCISE STATEMENT OF MATERIAL FACTS OF RECORD THAT BEAR ON HIS OPPOSITION**

### I. <u>Opposition</u>

For the reasons set out in Plaintiff's own motion for summary judgment, the plaintiff opposes in its entirety the defendant's motion for summary judgment. The purpose of this opposition is to show the lack of merit to the defendant's specific contention that plaintiff's claim is barred by the equitable doctrine of laches because prior to learning of plaintiff's suit, it entered into a settlement agreement with other candidates for selection who had brought a challenge to their non-selection before the Massachusetts Civil Service Commission.

### II. <u>Concise Statement Of Facts That Bear On Plaintiff's Opposition</u>.

1.  The "settlement" referred to in Paragraph 14 of the City's "Concise Statement of Material Facts" was a "Settlement Agreement" entered into on December 16, 2003 between the City and candidates Sullivan, Smyth, Jones, McMahon and McCarthy, five individuals who had challenged their August 31,

2001 non-selection as a violation of state civil service law. Lamond Supp. Affidavit, Attachment A.

2. That settlement agreement was expressly a conditional agreement, and provided in this respect that "the parties agree that they shall file a joint motion to have the Civil Service Commission grant the appellants so-called "310 relief", in accordance with Section 1 of chapter 534 of the acts of 1976, as amended by St. 1993, c. 310, *and the settlement shall be contingent upon the allowance of said motion by the [CSC]*. Lamond Supp. Affidavit, Attachment A (emphasis added).

3. The CSC did not rule on the parties' "Joint Motion" for c. 310 relief until October 7, 2004. Lamond Supp. Affidavit, Attachment B.

4. Well before that decision was issued, McLain's attorney had written to the City Solicitor informing him that he had been retained by McLain and attaching for his review a draft complaint alleging that the City's failure to hire McLain was a violation of USERRA. In that July 20, 2004, letter, counsel informed the Solicitor that, among other things, the suit would seek an order requiring the City to hire McLain as a police officer. Lamond Supp. Affidavit, Attachment C.

5. McLain's suit was filed in court on or about August 17, 2004.

6. After learning from McLain's counsel that he planned to file suit under USERRA, the City did not seek to withdraw from its joint motion filed with the CSC. Instead, it sought to include McLain as a party to that agreement. Lamond Supp. Affidavit, ¶ 4.

7. Neither the Settlement Agreement entered into between the City and the above-listed appellants, nor the decision of the CSC, requires the City to select any of the appellants for employment. Instead, in material part it arranges the

order of their names on any subsequent certified "eligible" lists issued to the City by the Massachusetts Human Resources Division.

8.  Neither the Settlement Agreement nor the Decision altered the City's legal right, under the relevant provisions of civil service law, to decline to hire any or all of the appellants.

### III. Argument

#### A. These Undisputed Facts Do Not Implicate Laches.

The City contends that laches applies here because:

> In the time since the complained of action, other candidates that were bypassed filed timely complaints with the [CSC]. A settlement was reached with those individuals placing each at the top of the next four civil service lists.
>
> The plaintiff's complaint here, coming so late, serves to prejudice the City *because it will lead to further litigation and potentially place settled matters back into dispute.*

Memorandum in Support of Motion for Summary Judgment, p. 10 (Emphasis added). It thus ties the success of its defense to a showing that it has allowed circumstances to change based on the assumption that McLain was not going to challenge his non-selection. There are a number of flaws in that argument.

The first is that as a matter of law, this form of "relational" prejudice requires a showing that the City has changed its relations vis a vis *McLain*, not toward the world at large. See, e.g., Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946)(laches is "a question of the inequity of permitting the claim to be enforced - an inequity founded upon some change in the . . . relations of the . . . parties."); Stone v. Williams, 873 F.2d 620, 625 (2d Cir. 1989) ("Prejudice may also be found if, during the period of delay, the circumstances or relationships *between the parties* have changed so that it would be unfair to let the suit go forward."); Cannon v. University of Health Sciences/Chicago

Medical School, 710 F.2d 351, 362 (7th Cir. 1983)("In order to prevail on a defense of laches, the defendants in this case must demonstrate some prejudicial 'change in the condition or relations of the . . . parties'."). No such change in the relationship between the City and McLain is evident in the record.

Second, it is the City, not McLain, that is responsible for any "prejudice" it now believes has been sustained. It was not, as it suggests, the December 2003 settlement that placed those appellants at the top of the next four civil service lists; it was the October 2004 "Decision" of the CSC, a ruling issued four months *after* McLain notified the City of his intent to bring this USERRA action. But the City had a clear chance to prevent that ruling from issuing: if, upon learning in July 2004 of McLain's planned USERRA action, it was concerned that any prospective relief it was asking the CSC to order would have been jeopardized by a ruling in Mclain's favor in that action, it could simply have withdrawn from that joint motion.

Third, and related, no actual change in relations occurred prior to learning of McLain's suit plans. The only arguable "change in relations" that occurred before McLain filed this suit – the December 2003 settlement agreement - was expressly conditioned on the subsequent allowance by the CSC of a related "joint motion" to accomplish the outcome the parties were seeking to have occur. As noted, that ruling did not come until after McLain had filed suit, after the City had ample time to withdraw from its joint motion if it believed that anything at issue in the McLain lawsuit might affect any of the terms of its agreement with the appellants.

Fourth, there would no "prejudice" to the City in allowing McLain's suit to proceed, inasmuch as his claim would not negate or nullify any part of the

4

CSC Decision. The CSC decision simply does not require the City to *hire* any of the appellants, and their placement on the list created no enforceable right to selection. See, e.g., Stuart v. Roache, 951 F.2d 446, 455 (1st Cir. 1991) (because appointing authorities can consider factors in addition to a civil service applicants' ranking on an eligibility list, police officers' selection expectations, based on position on list, do not rise to the level of a "property interest" entitled to constitutional protection).

Fifth, if the City's logic were adopted, McLain would have been required to bring his claim no later than December 16, 2003, the date the City and the appellants entered into their conditional agreement. It would hardly be an "equitable" result for a statutory claim that Congress saw fit to leave unregulated for statute of limitations purposes to be cut off after roughly two years by the "equitable" doctrine of laches.

### IV. Conclusion

For these reasons, as well as those set forth in plaintiff's own motion and memorandum, McLain respectfully request that the City's motion be denied and that his be allowed.

> For the plaintiff,
>
> By his attorneys,
>
> _____
> Alan J. McDonald, BBO #330960
> James F. Lamond, BBO #544817
> McDonald & Associates
> Cordaville Office Center
> 153 Cordaville Road, Suite 210
> Southborough, MA 01772
> 508-485-6600

Date: June 24, 2005

## CERTIFICATE OF SERVICE

I, James F. Lamond, certify under the pains and penalties of perjury that I have served a copy of the Plaintiff's Combined Rule 56.1 Opposition To Defendant's Motion For Summary Judgment And Concise Statement Of Material Facts Of Record That Bear On His Opposition and Supplemental Affidavit Of James F. Lamond in the above-captioned case upon Matthew J. Buckley, Esq., Office of the City Solicitor, City of Somerville, City Hall, 93 Highland Avenue, Somerville, Massachusetts 02143.

Dated: June 24, 2005

_____
James F. Lamond