UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS MCLAIN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOMERVILLE,<br><br>Defendant | USDC C.A. No. 04-CV-11833-RCL |

**SUPPLEMENTAL AFFIDAVIT OF JAMES F. LAMOND**

Now comes the affiant who, with personal knowledge of the matters set forth below, deposes and says:

1. Attachment A to this affidavit is a true and accurate copy of a "Settlement Agreement" entered into on December 16, 2003 between the City and candidates Sullivan, Smyth, Jones, McMahon and McCarthy.

2. Attachment B is a true and accurate copy of a "Corrected Decision" issued by the Civil Service Commission dated October 28, 2004. As referenced in the body of that document, the decision it "corrected" had been issued October 7, 2004.

3. Attachment C is a true and accurate copy of a letter I sent to the City Solicitor prior to filing this suit.

4. In the fall of 2004, before the Civil Service Commission had issued the Decision, identified above, but after McLain filed this suit, the City proposed adding McLain as a party to the settlement agreement so that he too would be covered by the decision on the pending joint motion if and when it issued.

Signed under the pains and penalties of perjury.

Dated: June 24, 2005          _____
                                            James F. Lamond

COMMONWEALTH OF MASSACHUSETTS
CIVIL SERVICE COMMISSION

| | |
|---|---|
| Timothy F. Sullivan, Thomas Smyth, Stephen M. Jones, Michael McMahon Steven R. McCarthy  Appellants, v. City of Somerville, Respondent. | Case No. 01-1273 Case No. G-01-1497 Case No: G-01-2153 Case No. G-02-210 Case No: G-02-295 |

## SETTLEMENT AGREEMENT

The Parties to the above captioned appeals hereby agree to the following as a full and total settlement of said appeals to the Civil Service Commission.

1. The parties agree that they shall file a joint motion seeking to have the Civil Service Commission grant the Appellants so-called "310 relief," in accordance with Section 1 of Chapter 534 of the Acts of 1976, as amended by St.1993, c. 310, and the Settlement Agreement shall be contingent upon the allowance of said motion by the Civil Service Commission. Said motion shall move that the Appellants be placed at the top of Certification list for the appointment of police officer(s) in the following order and subject to the conditions described below:

　　　First: Stephen M. Jones,

　　　Second: Timothy F. Sullivan,

　　　Third: Thomas Smyth, and,

　　　Fourth: Steven R. McCarthy and Michael McMahon (tie);

■■■■■■■■■■■■■■■■■■■■■■

Attachment A

2

Placement of the Appellants in the above order on the Certification List for appointment of police officer(s) is subject to the following conditions/events, whichever occur first:

   A. The Appellants shall be placed on the top of the next four (4) Certifications for the appointment of police officers that are requisitioned by Somerville from the Human Resources Division ("HRD"), or its successor, in the following order: first: Stephen M. Jones, second: Timothy F. Sullivan, third: Thomas Smyth and fourth: Steven R. McCarthy and Michael McMahon (tie), or

   B. Until such time hereafter that four or more appointments to the Somerville Police Department are made from any one or more Certification List(s), on which the Appellants appear pursuant to the terms of this Settlement Agreement.

Said appointments shall be made in accordance with the Personnel Administration Rules. Appointments shall not include re-employment (General Laws Chapter 31, §40) and lateral transfers of police officers to the Somerville Police Department from police departments in other municipalities that have accepted Chapter 31 ("Civil Service"). Special Certifications, including so-called "Par. 10 lists" issued in accordance with Paragraph 10 the Personnel Administration Rules, e.g. special certifications based on race, color, national origin or sex, shall not be subject to this Settlement Agreement and the Appellants names shall not appear at the top thereof.

   2. That when Somerville requests a Certification for the appointment of police officers, in accordance with the Personnel Administration Rules, each Appellant reached as a candidate for appointment shall each be required to demonstrate that he can adequately qualify for appointment so as to satisfy Somerville's purpose for submitting a requisition to

3

appoint police officers, under the criteria used by Somerville to evaluate all candidates for appointment at that time.

3. That if Somerville determines the appointment of one or more of the Appellants should be bypassed, it shall submit to HRD a written statement giving, in detail, the specific negative reason(s), i.e., statement of reasons for bypassing the respective Appellant(s). Such statement shall indicate all reasons for bypass on which Somerville intends to rely or might, in the future, rely, to justify the bypass of the respective Appellant(s) and may not simply set forth reasons for selection of candidate(s) lower on said Certification List than the Appellant(s).

4. That the individual Appellants shall receive fair and equal consideration in Somerville's process of assessing candidates for appointment as a police officer.

5. In the event the appellant(s) are appointed to a position as Somerville police officer(s), pursuant to the provisions herein, then the appellant(s) civil service seniority shall be retroactive to the date of appointment of the officers from Certification #201258, but in no event shall the appellants supersede any of the individuals originally appointed from said Certification.

6. For purposes of this agreement, any age requirement of the City of Somerville will be tolled such that the appellants shall not be disqualified for reason of age.

7. The Appellants do hereby release and forever discharge Somerville, a municipal corporation duly established by law, its officials and employees, successors and assigns from any and all claims, demands, rights, actions or causes of action on account of or in any way growing out of the facts as alleged by them and as relate to their respective claims

4

in the above-referenced matters.

8. The Appellants have each executed the Agreement in reliance on no promises or inducements other than those which are specifically set forth in this Agreement. All parties are entering into this Agreement of their own free accord and with full knowledge and understanding, and their signature is their free act and deed.

9. The parties acknowledge that this Agreement is in settlement of claims that are disputed. Nothing contained herein shall be construed as an admission as to the truth or falsity of the allegations contained in the appeal to the Civil Service Commission filed by the Appellants.

10. Each party to this Agreement shall bear his or her or its own costs and expenses attributable to the appeals to the Civil Service Commission and the settlement thereof and neither party shall be considered a prevailing party within the meaning of any statute or law.

11. This Agreement is an integrated document and contains the entire agreement between the parties with respect to the matters referred to herein. It supersedes any and all prior agreements and understandings, written or oral, expressed or implied, between the parties as to the settlement of the appeal to the Civil Service Commission. No variation or modifications hereof shall be deemed valid unless reduced to writing and signed by the parties. No waiver, express or implied, of any breach of any covenant or agreement shall be held or construed as a waiver of any other breach of any other covenant or agreement.

12. This settlement agreement and all other aspects of this matter shall not be used as precedent, cannot be used in any other forum against Somerville, and is in no way an admission of liability on the part of Somerville.

5

13. The parties agree that each party shall execute multiple sets of this Agreement and each party shall receive one or more original signed Agreement and one original signed agreement shall be filed as to each of the above captioned appeals.

Executed as an agreement in accordance with the laws of the Commonwealth of Massachusetts this 19th day of December, 2003.

_____  _____
Stephen M. Jones         Timothy F. Sullivan

_____  _____
Thomas Smyth             Steven R. McCarthy

_____  By:_____
Michael McMahon          Dorothy A. Kelly Gay, in her capacity
                         as Mayor of the City of Somerville

APPROVED AS TO FORM:

_____
Lisa L. Mead, City Solicitor

COMMONWEALTH OF MASSACHUSETTS

County of Middlesex

On this 16 day of December, 2003, before me personally came Timothy F. Sullivan, to me known, who executed the foregoing instrument and duly acknowledged to me that he executed same.\

_____
Notary Public:
My commission expires: 2/5/2010

6

COMMONWEALTH OF MASSACHUSETTS

County of Middlesex

On this __17__ day of December, 2003, before me personally came Stephen M. Jones, to me known, who executed the foregoing instrument and duly acknowledged to me that he executed same.

Notary Public:
My commission expires: 2/5/2010

COMMONWEALTH OF MASSACHUSETTS

County of Middlesex

On this __15th__ day of December, 2003, before me personally came Thomas Smyth, to me known, who executed the foregoing instrument and duly acknowledged to me that he executed same.

Notary Public:
My commission expires: 2/5/2010

COMMONWEALTH OF MASSACHUSETTS

County of Middlesex

On this __15th__ day of December, 2003, before me personally came Steven R. McCarthy, to me known, who executed the foregoing instrument and duly acknowledged to me that he executed same.

Notary Public:
My commission expires: 2/5/2010

7

COMMONWEALTH OF MASSACHUSETTS

County of Middlesex

On this __18__ day of December, 2003, before me personally came Michael McMahon, to me known, who executed the foregoing instrument and duly acknowledged to me that he executed same.

_____
Notary Public:
My commission expires: June 4, 2010

COMMONWEALTH OF MASSACHUSETTS

County of Middlesex

On this __19th__ day of December, 2003, before me personally came Dorothy A. Kelly Gay, to me known and known to me to be the Mayor of the City of Somerville, who executed the foregoing instrument and duly acknowledged to me that she executed same.

_____
Notary Public:
My commission expires: 7-4-08

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                         CIVIL SERVICE COMMISSION

| | |
|---|---|
| Timothy F. Sullivan, | G-01-1411 |
| Thomas Smyth, | G-01-1497 |
| Stephen M. Jones, | G-01-2153 |
| Michael McMahon | G-02-210 |
| Steven R. McCarthy | G-02-295 |
| Appellants, | |

OCT 23 2004

v.

City of Somerville,
  Respondent

## CORRECTED DECISION

The Appellants, named above, filed this appeal with the Civil Service Commission pursuant to G.L. c.31 §2(b). The Appellants seeks review of the Personnel Administrator's acceptance of the reasons offered by the Appointing Authority in bypassing the Appellants for appointment to the position of Somerville police officer.

The Commission hereby vacates its prior decision in this matter, dated October 7, 2004, as it contained errors and mistakes and substitutes this decision in its place.

The Commission, after hearing, accepts the parties agreement and pursuant to the powers of relief inherent in Chapter 534 of the acts of 1976, as amended by Chapter 310 of the Acts of 1993, to order the Human Resources Division to take the following action:

The personnel administrator shall place the appellants on the next four (4) Certifications for the appointment of police officers that are requisitioned by Somerville from the Human Resources Division ("HRD"), or its successor, from which one but not more than three appointments are made to the Somerville Police Department in the following order: First: Stephen M. Jones, Second: Timothy F. Sullivan, Third: Thomas Smyth, and Fourth: Steven R. McCarthy and Michael McMahon (tie). Said placement

Attachment B

shall remain in effect until such time hereafter that four or more appointments to the Somerville Police Department are made from any Certification List on which the name or names of Appellants appear, as pursuant to the terms of their Settlement Agreement.

*[signature]*

Daniel M. Henderson, Esq.

Commissioner

By vote of the Civil Service Commission (Goldblatt, Chairman, Henderson, Taylor, Guerin and Marquis Commissioners) on October 28, 2004.

A true record.   Attest:

_____
Commissioner
CIVIL SERVICE COMMISSION

A motion for reconsideration may be filed by either Party within ten days of the receipt of a Commission order or decision. A motion for reconsideration shall be deemed a motion for rehearing in accordance with M.G.L. c. 30A § 14(1) for the purpose of tolling the time for appeal.

Any party aggrieved by a final decision or order of the Commission may initiate proceedings for judicial review under section 14 of chapter 30A in the superior court within thirty (30) days after receipt of such order or decision. Commencement of such proceeding shall not, unless specifically ordered by the court, operate as a stay of the commission's order or decision.

Notice to:  John Marra, Esq., HRD
            Mary K. Ames, Esq.
            Patricia Michaels, Esq.
            James F. Lamond, Esq.
            Daniel W. Rice, Esq.
            Stephen M. Jones
            Michael McMahon
            Francis X. Wright, Esq., City of Somerville
            Matthew J. Buckley, Esq. City of Somerville

FILE COPY

## McDonald & Associates
Attorneys at Law
Cordaville Office Center
153 Cordaville Road, Suite 210
Southborough, MA 01772

Alan J. McDonald
James F. Lamond
Jack J. Canzoneri
Vida K. Berkowitz
Mark A. Hickernell
Olinda R. Marshall

Of Counsel
Emily J. Novick

Tel. (617) 928-0080
(508) 485-6600
FAX (617) 928-0081
(508) 485-4477

July 20, 2004

John Gannon, City Solicitor
City of Somerville, City Hall
93 Highland Avenue
Somerville, MA 02143-1740

Dear Mr. Gannon:

This office has been retained by Thomas McLain in connection with his application for employment as a Somerville police officer. As you will see from the enclosed draft copy of a complaint we have prepared on his behalf, we believe that the City's failure to hire him in October 2001 violated his rights under the Uniformed Services Employment and Reemployment Rights Act, 38 USC § 4301 et seq. Mr. McLain has authorized me to forward this draft complaint to you in advance of its filing in court in order to afford the City an opportunity to resolve this dispute without resort to litigation.

I understand that the City has recently undertaken to hire additional police officers. Given that the suit seeks, among other things, a court order requiring the City to offer Mr. McLain employment as a police officer, I would ask that you expedite your review of this matter, so that this potential settlement vehicle does not pass us by.

Thank you.

Very truly yours,

James F. Lamond

JFL/maf
Enclosure
cc:   Thomas McLain
      Alan J. McDonald

Attachment C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DRAFT**

| |
|---|
| THOMAS MCLAIN |
| Plaintiff, |
| v. |
| CITY OF SOMERVILLE, |
| Defendant |

CA. No.

### COMPLAINT AND REQUEST FOR COMPENSATORY AND INJUNCTIVE RELIEF

1. This is an action for equitable and compensatory relief brought under USERRA, the Uniformed Services Employment and Re-employment Rights Act, 38 U.S.C. 4301-33.

2. The Court has jurisdiction over this matter pursuant to 38 U.S.C. § 4323(b). Venue within this judicial district is appropriate pursuant to 38 U.S.C. § 4323(c).

3. The plaintiff Thomas McLain is an adult resident of Somerville, Massachusetts. During the times relevant to this action, he was enlisted in the United States Army.

4. The defendant City of Somerville ("City" of "Somerville") is a political subdivision of the Commonwealth of Massachusetts and thus is a "state" within the meaning of 38 USCS § 4303 (14). It is also an "employer" within the meaning of 38 USCS § 4303(4).

1

DRAFT

5.  In or around May 1999, McLain took and passed a Massachusetts civil service examination for the position of police patrol officer. He thereby became eligible for appointment to that position by Massachusetts cities or towns, including Somerville, that were within the Massachusetts civil service system.

6.  On or about January 5, 2000, McLain enlisted in the United States Army for a period of time that was to last until January 4, 2002. His period of enlistment constituted "service in the uniformed services" within the meaning of 38 USCS § 4303(13).

7.  On or about January 11, 2001, Somerville began the process of appointing police patrol officers to its municipal police department. To that end, and pursuant to M.G.L. c. 31, §§ 1 and 6, it obtained from the Massachusetts Human Resource Division a "certification", a list of names of persons, ranked in order of total "score", then legally eligible for such appointment. McLain's name was at or near the top of that list.

8.  Pursuant to Massachusetts civil service law, McLain was notified that Somerville was considering appointing police patrol officers and that as an eligible candidate, he needed to signify his interest in being considered for such an appointment. He appropriately did so.

9. Prior to making its selections, McLain and a representative of the City had discussions concerning his eligibility for an early discharge from the United States Army in the event that Somerville needed its appointees to be available for training purposes prior to his scheduled date of discharge.

10. In or around October 2001, Somerville appointed to the position of police officer approximately eleven persons whose names had been listed on the certification. Somerville did not select McLain, although it selected persons whose names appeared below his on the certification.

11. McLain's membership, service and/or obligation for service in the United States Army was a motivating factor in the City's failure to appoint him to the position of police officer.

12. McLain has lost wages and other economic benefits, as a direct and proximate result of Somerville's above-described failure to appoint him to the position of police officer.

**WHEREFORE**, the Plaintiff requests that the court, after a trial on the merits,

a)  declare that the defendant's failure to appoint him was in violation of USERRA and order the defendant to comply therewith;

b)  award him damages for his lost wages and benefits suffered by reason of the defendant's failure to comply with the provisions of USERRA,

c)  issue a permanent injunction directing the defendant to immediately appoint him to the position of police officer and to assign him a retroactive appointment date which is the date on which he would have been appointed had the defendant not discriminated against him in violation of USERRA;

d)  award him his costs, including his reasonable attorneys' fees;

**DRAFT**

e)   issue such other relief, as the court deems appropriate.

> For the plaintiff,
>
> By His attorneys,
>
> _____
> Alan J. McDonald, BBO # -----
> James F. Lamond, BBO # 544817
> McDonald & Associates
> Cordaville Office Center
> 153 Cordaville Road, #210
> Southborough, MA  01772
> 508-485-6600

Date: