UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS MCLAIN

    Plaintiff,

v.

CITY OF SOMERVILLE,

    Defendant

USDC C.A. No. 04-CV-11833-RCL

**PLAINTIFF'S COMBINED RULE 56.1 OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONCISE STATEMENT OF MATERIAL FACTS OF RECORD THAT BEAR ON HIS OPPOSITION**

### I.     OPPOSITION

For the reasons set out in Plaintiff's own motion for summary judgment, the plaintiff opposes in its entirety the defendant's motion for summary judgment. The purpose of this opposition is to show the lack of merit to the defendant's contention that plaintiff's claim is barred by the equitable doctrine of laches.

### II.     CONCISE STATEMENT OF FACTS THAT BEAR ON PLAINTIFF'S OPPOSITION.

1. The "settlement" referred to in Paragraph 14 of the City's "Concise Statement of Material Facts" was a "Settlement Agreement" entered into on December 16, 2003 between the City and candidates Sullivan, Smyth, Jones, McMahon and McCarthy, five individuals who had challenged their August 31, 2001 non-selection as a violation of state civil service law. Lamond Supp. Affidavit, Attachment A.

2. That settlement agreement was expressly a conditional agreement, and provided in this respect that "the parties agree that they shall file a joint

motion to have the Civil Service Commission grant the appellants so-called "310 relief", in accordance with Section 1 of chapter 534 of the acts of 1976, as amended by St. 1993, c. 310, *and the settlement shall be contingent upon the allowance of said motion by the [CSC].* Lamond Supp. Affidavit, Attachment A (emphasis added).

3. The CSC did not rule on the parties' "Joint Motion" for c. 310 relief until October 7, 2004. Lamond Supp. Affidavit, Attachment B.

4. Well before that decision was issued, McLain's attorney had written to the City Solicitor informing him that he had been retained by McLain and attaching for his review a draft complaint alleging that the City's failure to hire McLain was a violation of USERRA. In that July 20, 2004, letter, counsel informed the Solicitor that, among other things, the suit would seek an order requiring the City to hire McLain as a police officer. Lamond Supp. Affidavit, Attachment C.

5. McLain's suit was filed in court on or about August 17, 2004.

6. After learning from McLain's counsel that he planned to file suit under USERRA, the City did not seek to withdraw from its joint motion filed with the CSC. Instead, it sought to include McLain as a party to that agreement. Lamond Supp. Affidavit, ¶ 4.

7. Neither the Settlement Agreement entered into between the City and the above-listed appellants, nor the decision of the CSC, requires the City to select any of the appellants for employment. Instead, in material part it arranges the order of their names on any subsequent certified "eligible" lists issued to the City by the Massachusetts Human Resources Division.

8.  Neither the Settlement Agreement nor the Decision altered the City's legal right, under the relevant provisions of civil service law, to decline to hire any or all of the appellants.

### III.  ARGUMENT

#### A.  The City's Laches Defense Lacks The Required Factual Basis.

The City asserts as an affirmative defense that McLain's claim is barred by the equitable doctrine of laches.[1]  See K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 911 (1st Cir. 1989)("[l]aches is an affirmative defense"). It should be rejected as a matter of law.

"The equitable doctrine of laches bars assertion of a claim where a party's delay in bringing suit was 1) unreasonable, and 2) resulted in prejudice to the opposing party." K-Mart, supra, 875 F.2d at 911.[2]

"Laches is different than a statute of limitations; the question is not whether a fixed statutory period of time has run, but whether the delay in bringing suit was unreasonable and prejudicial to the other party." Luvi Trucking, Inc. v. Sea-Land Service, Inc., 650 F.2d 371, 373 (1st Cir. 1981). See also Miller v. City of Indianapolis, supra, 281 F.3d at 653 ("[l]aches is based not on simply the passage of time . . . but rather upon changes of conditions or

---

[1]  It is generally understood that USERRA, like its predecessor statutes, has no statute of limitations. See Rogers v. City of San Antonio, supra, 392 F.3d at 772 and n. 36 (noting that "Section 4323 of USERRA does not provide a time limit for bringing a claim for relief, stating only that "no State statute of limitations shall apply to any proceeding under this chapter" and that "The Department [of Labor] has long taken the position that no Federal statute of limitations applied to actions under USERRA.").

[2]  See also Fleet National Bank v. Gray, 375 F.3d 51 (1st Cir. 2004) and Iglesias v. Mutual Life Insurance Co., 156 F.3d 237, 243 (1st Cir. 1998); See also Miller v. City of Indianapolis, 281 F.3d 648, 653 (7th Cir 2002); Cook v. City of Chicago, 192 F.3d 693, 695 (7th Cir. 1999).

relationships."); Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 378 (7th Cir. 1987) ("[L]aches is based upon changes of conditions or relationships *involved with the claim.*") (emphasis added).

Mere delay – even unreasonable delay – will not support a finding of laches; "[t]here must be a showing of *both* a lack of diligence on the part of the plaintiffs and prejudice to the defendants." Miller, supra, 281 F.3d at 653, citing Costello v. United States, 365 U.S. 265 (1961)(emphasis added).[3] See also Whiting v. United States, 231 F.3d 70, 75 (1st Cir. 2000) (laches "require[s] a showing both of unreasonable delay . . . and prejudice . . . ."). Even an *unconvincing* explanation for an *unreasonable* delay will not trigger the application of the doctrine if the defendant fails to show prejudice resulting from the delay. Whiting v. United States, supra, 231 F.3d at 75 (writing that "Whiting's explanation for his three-year delay is unconvincing, . . . but we are not persuaded that the government, which has the burden of proof on both elements, . . . has yet proved prejudice from the delay.").[4]

Whether a period of delay is unreasonable is to be judged in the particular circumstances. "Each case must be considered on its own facts in determining the reasonableness of the delay; laches is an equitable, hence

---

[3] Even when both conditions *have* been proved, a finding of laches is not compelled; rather, "application of the [laches] doctrine is within the 'sound discretion' of the district court". K-Mart, supra, 875 F.2d at 911 (citations omitted).

[4] See also Ansin v. River Oaks Furniture, 105 F.3d 745, 757 (1st Cir. 1997) (citing Srebnick v. Lo-Law transit Management, 29 Mass. App. 45 (1990) for the proposition that "As long as there is no statute of limitations problem, unreasonable delay in pressing a legal claim does not, as a matter of substantive law, constitute laches."); Baird v. Bellotti, 724 F.2d 1032, 1033 (1st Cir. 1984 (endorsing the statement that "the concept of laches is that a party is to be *forgiven* his unreasonable delay, provided it has had no prejudicial consequences.")(emphasis added).

4

flexible, doctrine, and no length of time is considered *per se* unreasonable."

Whitfield v. Anheuser-Busch, Inc., 820 F.2d 243, 245 (8th Cir. 1987).[5]

Concerning prejudice, it has been observed that:

> "Courts have recognized two chief forms of prejudice in the laches context -- evidentiary and expectations-based. Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died. . . . A defendant may also demonstrate prejudice by showing that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly."

Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001)(citations omitted).[6]

Regardless of the specific type of prejudice claimed, the proponent must prove that it was caused by the plaintiff's delay in bringing the suit. See Murphy v. Timberlane Regional School District, 973 F.2d 13, 17 (1st Cir.

---

[5] See also Veltri Building Services v. 32b-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004)(inquiry concerns "lack of diligence *under the circumstances*")(emphasis added); Martin v. Consultants & Admrs., 966 F.2d 1078, 1100 (7th Cir. 1992)(inquiry is whether delay is "unwarranted in the circumstances").

[6] See also Albemarle Paper Co. v. Moody, 422 U.S. 405, 440 (Marshall, concur) (writing that "the usual ground" for invoking laches is that "the passage of time has put beyond reach evidence or testimony necessary to his case"); Trustees for Alaska Laborers-Construction Industry Health & Sec., 812 F.2d 512, 518 (9th Cir. 1987) ("Traditionally, laches is invoked when witnesses have died or evidence has gone stale."); Murphy, supra, 22 F3d at 1189 (courts look to whether the unreasonable delay in bringing suit has hindered a party's "ability to present its case as a result of the unavailability or failed memories of key witnesses"); Miller v. City of Indianapolis, supra, 281 F.3d at 65d3- (employer that was defendant in employment discrimination suit met its burden of showing prejudice where, of the actors who had allegedly committed the discriminatory acts, two were deceased and others had retired); Winchester v. Pension Committee of Michael Reese Health Plan, etc., 942 F.2d 1190, 1194 (7th Cir. 1991) ("Prejudice in laches arises from the loss of evidence which diminishes the defendant's chance of success at trial."); Cleveland Newspaper Guild, Local 1 v. Plain Dealer Pub. Co., 839 F.2d 1147, 1151 (6th Cir. 1988)("defendant suffered prejudice in the form of lost witnesses and documentary evidence.").

1992)("The laches doctrine may be invoked only where the prejudice to the defendant flows from the plaintiff's delay.")

Inasmuch as McLain has not exceeded any applicable statute of limitations, the City has the burden of proving both elements of this affirmative defense. See, e.g., K-Mart Corp. v. Oriental Plaza, Inc., supra, 875 F.2d at 911 ("When a plaintiff brings suit within the limitation period, a defendant claiming laches has the burden of proving both unreasonableness of the delay and the occurrence of prejudice."); Fleet National Bank v. Gray (In re Bankvest Capital Corp.), 375 F.3d 51, 61 (1st Cir. 2004) ("if a plaintiff files a complaint within the analogous statutory period, the burden of proving unreasonable delay and prejudice falls on the defendant.")[7]

That burden has been characterized as "heavy"[8] and one that must be supported by "substantial evidence." Murphy v. Timberlane Regional School District, 22 F.3d 1186, 1189 (1st Cir. 1994)(citations omitted).[9]

Even where its elements might otherwise be satisfied, it has also been suggested that the doctrine is simply inappropriate when applying it would

---

[7] Gonzalez-Gonzalez v. United States, 257 F.3d 31, 38 (1st Cir. 2001) ("Laches is an affirmative defense. . . . Accordingly, the burden of proving it rests with its proponent."); Veltri, supra, 393 F.3d at 326; Mitchell v. Massachusetts Department of Corrections, 190 F. Supp. 2d 204, 215 (D. Mass. 2002)("Because it is an affirmative defense, 'a defendant claiming laches has the burden of proving both unreasonableness of the delay and the occurrence of prejudice.'").

[8] See Ansin v. River Oaks Furniture, 105 F.3d 745, 757 (1st Cir. 1997) ("If the statute of limitations has not run . . . the defendant bears a heavy burden of demonstrating the unreasonableness of delay and the occurrence of prejudice.").

[9] See also Compare Smith v. Caterpillar, Inc., 338 F.3d 730, 732 (7th Cir. 2003)("[A]t minimum we require a showing of prejudice that is material, meaning it affects the substantial rights of the defendant to such a degree that it justifies the equitable relief of barring the plaintiff's claims").

conflict with the policy considerations that informed the statute on which the claim is based.[10]

McLain submits first that laches is inapplicable to his USERRA claim, because it conflicts with the express and implied policies that inform that act. Not only did Congress not set a limitations period for USERRA claims, but it expressly *prohibited* the borrowing of state periods.[11] It seems clear that Congress wants USERRA claims to be measured on their merits, not on the basis of arbitrary time lines.

Even assuming arguendo that the policies that inform the laches doctrine could be reconciled with the policy considerations inherent in the text of USERRA, it nonetheless would be inconsistent with those policies to apply it here, to a claim filed barely three years after its arguable accrual.

The summary judgment record shows that the City can prove neither required element of the laches defense. First, there was no unreasonable delay; McLain filed suit less than three years from when he was told by a city personnel official that he was not going to be hired because he was not

---

[10] See, e.g., Murphy, supra, 973 F.2d at 16 ("We have been unable to find any cases applying the laches doctrine to a claim brought under the Act, indicating that perhaps the doctrine should be applied sparingly to facilitate Congress' policy concerning the education of children with disabilities."); County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 245 (1985) (observing, in case alleging that a 1795 conveyance of land to New York violated the Indian Trade and Intercourse Act, that "the application of laches would appear to be inconsistent with established federal policy."); Cleveland Newspaper Guild, Local 1 v. Plain Dealer Pub. Co., 839 F.2d 1147, 1158 (6th Cir. 1988)("Courts may not invoke the doctrine of laches where to do so would be inconsistent with national policies and priorities established by Congress."); Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 367 (1977) (observing, in regard to federal laws that do not contain their own statute of limitations, that "State limitations periods will not be borrowed if their application would be inconsistent with the underlying policies of the federal statute.")

[11] See 38 USCS § 4323 (i) Inapplicability of State statute of limitations ["No State statute of limitations shall apply to any proceeding under this chapter"].

available to start at the police academy on October 1. Compare <u>Petry v. Delmara Power & Light Co.</u>, 631 F. Supp. 1532, 1534 (D. Del.1986) (four-year delay in bringing a claim under the VRRA did not constitute laches). And during that interim period, his time was substantially occupied by other pursuits: he was in the military, and stationed in Washington state, for the first three months of this period; upon his return to Massachusetts in December 2001 he had to both transition from the military to civilian life and to find employment; and he thereafter worked long hours for his employer, the MBTA police. The fact that during this transition period he did not immediately go out and hire an attorney to advise him and presumably bring suit is not "unreasonable" on these facts; put differently, the City, which bears the burden of convincing the Court on this issue, cannot demonstrate as a matter of law that the time that passed between learning of his non-selection and filing this suit was unreasonable.

Regardless of whether the time between McLain learned of his non-selection and his bringing suit qualifies as "unreasonable delay," laches still is not present because no cognizable prejudice to the City resulted from McLain bringing suit three years after his non-selection. There cannot be any "evidentiary" prejudice because the facts concerning why the City decided not to select McLain are uncontroverted; in any event, the person who presumably decided which candidates to select for police employment, former mayor Dorothy Kelley Gay, is alive and not otherwise "unavailable" in any sense. There is no basis to say that the passing of time has impaired the City's ability to put on its case.

Case 1:04-cv-11833-RCL   Document 24   Filed 07/25/2005   Page 9 of 12

There is no "relational" prejudice either. The City simply cannot show that it "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." The relevant state of affairs at the time McLain filed suit simply was no different than it would have been if he had filed suit the day he returned to Massachusetts. Particularly relevant is the fact that as of the time McLain filed this action, the City had not hired any additional police officers since the group sent to the police academy on October 1, 2001. Thus, its unawareness of McLain's challenge to his on-selection could not have affected any subsequent hiring decisions. See, e.g., Novak v. Mackintosh, 937 F. Supp. 873, 880 (D.S.D. 1996) ("Although the delay is inconvenient, Defendants presented no evidence that they changed their position in any way that would not have occurred" if case had been brought sooner).

### B.   These Undisputed Facts Do Not Implicate Laches.

The City contends that laches applies here because:

> In the time since the complained of action, other candidates that were bypassed filed timely complaints with the [CSC]. A settlement was reached with those individuals placing each at the top of the next four civil service lists.
>
> The plaintiff's complaint here, coming so late, serves to prejudice the City *because it will lead to further litigation and potentially place settled matters back into dispute.*

Memorandum in Support of Motion for Summary Judgment, p. 10 (Emphasis added). It thus ties the success of its defense to a showing that it has allowed circumstances to change based on the assumption that McLain was not going to challenge his non-selection. There are a number of flaws in that argument.

9

The first is that as a matter of law, this form of "relational" prejudice requires a showing that the City has changed its relations vis a vis *McLain*, not toward the world at large. See, e.g., Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946)(laches is "a question of the inequity of permitting the claim to be enforced - an inequity founded upon some change in the . . . relations of the . . . parties."); Stone v. Williams, 873 F.2d 620, 625 (2d Cir. 1989) ("Prejudice may also be found if, during the period of delay, the circumstances or relationships *between the parties* have changed so that it would be unfair to let the suit go forward."); Cannon v. University of Health Sciences/Chicago Medical School, 710 F.2d 351, 362 (7th Cir. 1983)("In order to prevail on a defense of laches, the defendants in this case must demonstrate some prejudicial 'change in the condition or relations of the . . . parties'."). No such change in the relationship between the City and McLain is evident in the record.

Second, it is the City, not McLain, that is responsible for any "prejudice" it now believes has been sustained. It was not, as it suggests, the December 2003 settlement that placed those appellants at the top of the next four civil service lists; it was the October 2004 "Decision" of the CSC, a ruling issued four months *after* McLain notified the City of his intent to bring this USERRA action. But the City had a clear chance to prevent that ruling from issuing: if, upon learning in July 2004 of McLain's planned USERRA action, it was concerned that any prospective relief it was asking the CSC to order would have been jeopardized by a ruling in Mclain's favor in that action, it could simply have withdrawn from that joint motion.

Third, and related, no actual change in relations occurred prior to learning of McLain's suit plans. The only arguable "change in relations" that

10

occurred before McLain filed this suit – the December 2003 settlement agreement - was expressly conditioned on the subsequent allowance by the CSC of a related "joint motion" to accomplish the outcome the parties were seeking to have occur. As noted, that ruling did not come until after McLain had filed suit, after the City had ample time to withdraw from its joint motion if it believed that anything at issue in the McLain lawsuit might affect any of the terms of its agreement with the appellants.

Fourth, there would no "prejudice" to the City in allowing McLain's suit to proceed, inasmuch as his claim would not negate or nullify any part of the CSC Decision. The CSC decision simply does not require the City to *hire* any of the appellants, and their placement on the list created no enforceable right to selection. See, e.g., Stuart v. Roache, 951 F.2d 446, 455 (1st Cir. 1991) (because appointing authorities can consider factors in addition to a civil service applicants' ranking on an eligibility list, police officers' selection expectations, based on position on list, do not rise to the level of a "property interest" entitled to constitutional protection).

Fifth, if the City's logic were adopted, McLain would have been required to bring his claim no later than December 16, 2003, the date the City and the appellants entered into their conditional agreement. It would hardly be an "equitable" result for a statutory claim that Congress saw fit to leave unregulated for statute of limitations purposes to be cut off after roughly two years by the "equitable" doctrine of laches.

### IV.   CONCLUSION

There are no undisputed facts that would support the discretionary application of the laches doctrine to the instant claim. The City has sustained neither its Rule 56 burden [of showing there is no genuine dispute over any of

the facts material to the laches inquiry] nor its substantive burden of showing unreasonable delay and prejudice causally attributable to that delay. For these reasons, as well as those set forth in plaintiff's own motion and memorandum, McLain respectfully request that the City's motion be denied and that his be allowed.

> For the plaintiff,
>
> THOMAS MCLAIN
>
> By his attorneys,
>
> _____
> Alan J. McDonald, BBO #330960
> James F. Lamond, BBO #544817
> McDonald & Associates
> Cordaville Office Center
> 153 Cordaville Road, Suite 210
> Southborough, MA 01772
> 508-485-6600

Date: July 6, 2005

### CERTIFICATE OF SERVICE

I, James F. Lamond, hereby certify that I have this day by first-class mail, postage prepaid served a copy of the Plaintiff's Combined Rule 56.1 Opposition To Defendant's Motion For Summary Judgment And Concise Statement Of Material Facts Of Record That Bear On His Opposition in the above-captioned case upon Matthew J. Buckley, Esq., Office of the City Solicitor, City of Somerville, City Hall, 93 Highland Avenue, Somerville, Massachusetts 02143.

Dated: July 6, 2005

_____
James F. Lamond